**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DARVIN FURNITURE AND | : | |
| APPLIANCE OF ORLAND PARK, INC., | : | Civil Action No. |
| | : | |
| Plaintiff, | : | Judge: |
| | : | |
| v. | : | Magistrate Judge: |
| | : | |
| WAYFAIR LLC, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**COMPLAINT FOR TRADEMARK COUNTERFEITING AND**
**INFRINGEMENT, AND UNFAIR COMPETITION**

Plaintiff, Darvin Furniture And Appliance Of Orland Park, Inc., for its complaint against

Defendant, Wayfair LLC, for trademark counterfeiting, trademark infringement, and unfair

competition, alleges as follows:

**PARTIES**

1. Plaintiff, Darvin Furniture And Appliance Of Orland Park, Inc. ("Darvin"), is an

Illinois corporation with its principal place of business at 15400 South La Grange Road, Orland

Park, Illinois 60462 and prominently uses the trademark DARVIN for its services.

2. In 1920, Louis Darvin began selling furniture door-to-door using catalog pictures.

Louis Darvin became renowned as a furniture expert, offering high-quality furniture and low

prices. The first DARVIN furniture store opened in the early 1940's in Chicago. Today,

DARVIN Furniture is Chicagoland's largest furniture store and a Top-100 furniture retailer in the

nation. Located south of Chicago on 13 acres in Orland Park, Illinois, the DARVIN Furniture

showroom has more than 200,000 sq. ft. of furniture on display. DARVIN Furniture serves Chicago, the surrounding suburbs, northern Illinois, and northern Indiana ("the Chicagoland area").

3.      DARVIN Furniture has been described as one of the top-performing single locations in the entire furniture industry. Darvin advertises extensively in the Chicagoland area.

4.      Defendant, Wayfair LLC ("Wayfair"), is Delaware limited liability company with an address of 4 Copley Place, Boston, Massachusetts 02116. Wayfair is an online retailer of furniture and home décor products.

5.      Wayfair owns and operates its online furniture store at wayfair.com.

6.      The website at wayfair.com is available and sells goods to residents of Illinois.

7.      Wayfair advertises and promotes its online retail sales of furniture and home décor products to residents of Illinois, including consumers residing in the Chicagoland area.

8.      Wayfair has sold furniture and home décor products to consumers residing in Illinois through the wayfair.com website.

## JURISDICTION AND VENUE

9.      This is an action for federal trademark counterfeiting, trademark infringement, and unfair competition under 15 U.S.C. §§1114, and 1125(a) of the Lanham Act, and related state law claims, which arise out of the same operative facts.

10.      This Court has subject matter jurisdiction of the claims pleaded in this Complaint pursuant 15 U.S.C. §1121 (actions arising under 15 U.S.C. – Chapter 22 – Trademarks), 28 U.S.C. §1331 (federal question), and 28 U.S.C. §1338 (acts of Congress related to trademarks).

11.      This Court has supplemental jurisdiction over concurrent state law claims pursuant to 28 U.S.C. §1367 because the claims are all part of the same case or controversy.

12.    This Court has personal jurisdiction over Wayfair in that Wayfair has registered with the Illinois Secretary of State as a foreign corporation and conducts business in Illinois.

13.    Wayfair operates a brick-and-mortar furniture store in the Chicagoland area, including Oak Brook, Illinois.

14.    Wayfair directs business activities toward and conducts business in the State of Illinois, including the Chicagoland area.  Wayfair operates warehouses in Romeoville and South Elgin, Illinois to fulfill orders for products bought in Illinois.

15.    There has been actual confusion by consumers as to a relationship between the parties, meaning there are third-party witnesses relevant to this action in the Chicagoland area.

16.    Venue is proper in this District under 28 U.S.C. §1391 because Darvin maintains its principal place of business in this District, Wayfair is subject to the Court's personal jurisdiction, and witnesses to events of actual confusion reside in the Chicagoland area.

## COMMON FACTUAL ALLEGATIONS

17.    The early roots of DARVIN Furniture date back to 1920 when Louis Darvin began selling furniture to customers door-to-door in Chicago, Illinois, using catalog pictures. Louis Darvin became renown as a furniture expert, offering high-quality furniture at low prices. Over a century later, DARVIN Furniture still offers high-quality furniture at low prices. DARVIN Furniture is Chicagoland's largest furniture store.

18.    In 2004, DARVIN Furniture was named as one of America's Top 100 Furniture Retailers by Furniture Today.  That honor continues today.

19.    In 2016, DARVIN Furniture was recognized as the 2016 Retailer of the Year by the Illinois Retail Merchants Association.  The award recognizes an Illinois retailer for its success in sales, and for giving back to the community and its employees.

20.     In 2017, DARVIN Furniture started its e-commerce platform, darvin.com, which allows consumers to view and shop for furniture and home décor 24/7/365.  In 2020, during the pandemic, DARVIN Furniture established a "Critical Needs Call Center" to provide customer support.  A dedicated sales force was created for the DARVIN Furniture e-commerce business.

21.     Through over 100 years of continuous use and promotion of the DARVIN mark, Darvin and DARVIN Furniture have become known for quality merchandise and sales service.

22.     Darvin is the owner of all rights, title, and interest to the DARVIN trademark and owns the following federal trademark registration:

| Trademark | Registration No. | Registration Date | Services |
|-----------|------------------|-------------------|----------|
| DARVIN | 3,019,314 | November 29, 2005 | Retail stores for furniture and decorative home furnishings and appliances |

23.     The DARVIN mark is registered on the Principal Register with the United States Patent and Trademark Office. The DARVIN registration is incontestable, valid, subsisting, and in full force and effect.  A copy of the registration certificate for DARVIN, together with a printout from the United States Patent and Trademark Office's TESS database for the mark, is attached as Exhibit 1 and incorporated by reference.

24.     Darvin owns and operates its DARVIN furniture and mattress store, and DARVIN factory outlet store, which are located in Orland Park, Illinois.  The DARVIN showroom has over 200,000 square feet of furniture on display, with guaranteed lowest prices in the Chicagoland area.

25.     DARVIN Furniture sells furniture from famous furniture brands, including Smith Brothers, Bassett, Bernhardt, Daniels Amish, England, and Flexsteel.

26.     DARVIN Furniture also sells mattresses under famous mattress brands, including Simmons Beautyrest, Sealy Posturpedic, Serta Perfect Sleeper, i-Comfort, Restonic, Aireloom, Purple, Paramount, Stearns and Foster, and Tempur-Pedic.  In 2021, Darvin received national recognition as a Retail Giant in Bedding.

27.     Through the DARVIN Furniture online store, consumers can view and purchase indoor and outdoor furniture, mattresses, rugs, home décor and accessories.

28.     For example, DARVIN Furniture stores offer furniture:



[https://www.darvin.com/browse/bedroom/dressers/21?kwd=(redirect)+bedroom+dressers] (accessed June 14, 2023).

29.     DARVIN Furniture stores offer outdoor furniture:



[https://www.darvin.com/outdoor.aspx] (accessed June 14, 2023).

30. DARVIN Furniture stores offer rugs:



[https://www.darvin.com/p/rug-gallery?kwd=(redirect)+rugs] (accessed June 14, 2023).

31. Darvin recently learned that Wayfair is using the DARVIN trademark to drive traffic to Wayfair's online retail store at wayfair.com.

32. A Google search for "Wayfair Darvin" returns numerous search results to the wayfair.com website where the term "Darvin" is displayed in the results, including "Darvin Furniture.com", as shown below:

———————

## Darvin Furniture.com



Wayfair
*https://www.wayfair.com › keyword › keyword=darvi...*



**Shop** *Wayfair* **for the best** *darvin* **furniture.com.** Enjoy Free Shipping on most stuff, even big stuff.
Free delivery · 30-day returns

[https://www.google.com/search?client=firefox-b-1-d&q=wayfair+Darvin] (accessed June 13,

2023).

A true and accurate printout of the search results is attached as Exhibit 2.

    33.    Clicking on the hot link "Darvin Furniture.com" in the search result brings you to

the wayfair.com website, where users see the following:



[https://www.wayfair.com/keyword.php?keyword=darvin+furniture.com] (accessed June 15, 2023).

There are almost 10,000 results for "darvin furniture.com" according to the Wayfair website as shown above.

34.　　When "Darvin Furniture" is entered as a search term in Wayfair's website, wayfair.com, users see the following:



[https://www.wayfair.com/keyword.php?keyword=darvin+furniture] (accessed June 15, 2023).

Over 12,000 search results are returned, and some of the listed pieces are identified as "Darvin" furniture.

35.     When "Darvin" is entered as a search term in Wayfair's website, wayfair.com, users see the following:



[https://www.wayfair.com/keyword.php?keyword=Darvin] (accessed June 15, 2023). This search returns over 1,000 results. As shown above, three of the results listed on the first line are for "Darvin" furniture.

36.     A Google advanced search for "Darvin" on the wayfair.com website returns 3,310 search results, and users see the following:



[https://www.google.com/search?as_q=&as_epq=darvin&as_oq=&as_eq=&as_nlo=&as_nhi=&l
r=&cr=&as_qdr=all&as_sitesearch=wayfair.com&as_occt=any&safe=images&as_filetype=&tbs
=] (accessed June 21, 2023).

A printout of the first page of the search results is attached as Exhibit 3.

  37. Wayfair also advertises "Darvin" furniture on social media platforms, including
Pinterest, as shown in the below screenshot:



[https://www.pinterest.com/pin/bedroom-in-2021--692991461420632646/] (accessed June 21, 2023).

38.     Clicking on the hot link "Visit" in the Pinterest page brings you to the wayfair.com website, where users see the following:



[https://www.wayfair.com/Bungalow-Rose--Colter-Lounge-Floor-Pillow-BI186246-L1227-K%7EJLZL1039.html?utm_source=pinterest&utm_medium=social&piid=1645089463] (accessed June 21, 2023).

Through that wayfair.com webpage, consumers can purchase the "Darvin" pillow.

39.     The unauthorized use of "Darvin" by Wayfair is not limited to the wayfair.com website.  Two of Wayfair's related stores, Joss & Main and Perigold, both use "Darvin" to sell furniture and related services.

40.     When "Darvin" is entered as a search term in the joss&main.com website, users see the following:



[https://www.jossandmain.com/keyword.php?keyword=darvin] (accessed June 15, 2023). As shown above, almost 40 search results are returned, and some of the listed pieces are identified as "Darvin" furniture.

41.     When "Darvin Furniture" is entered as a search term in the joss&main.com website, users see the following:



[https://www.jossandmain.com/keyword.php?keyword=darvin+furniture] (accessed June15, 2023).

As can be seen above, over 340 search results are returned.

42. When "Darvin" is entered as a search term in the perigold.com website, users see the following:



[https://www.perigold.com/keyword.php?keyword=darvin&itemsperpage=48] (accessed June 15, 2023).

As can be seen above, over 200 search results are returned.

43.     When "Darvin Furniture" is entered as a search term in the perigold.com website, users see the following:



[https://www.perigold.com/keyword.php?keyword=darvin+furniture] (accessed June 19, 2023). As can be seen above, over 900 search results are returned.

44.     On May 11, 2023, Darvin sent Wayfair a cease and desist letter informing Wayfair that use of "Darvin" infringes Darvin's rights in the DARVIN mark. Darvin asked that Wayfair cease using "Darvin", and requested Wayfair's written response by May 26, 2023. A copy of the May 11, 2023, cease and desist letter with enclosures is attached as Exhibit 4.

45.     The Return Receipt Postcard received May 22, 2023, from the United States Post Office indicates that the cease and desist letter was delivered to Wayfair. A copy of the Return Receipt Postcard is attached as Exhibit 5.

46.     To date, Darvin has not received any response from Wayfair to the May 11, 2023, cease and desist letter.

47.    Wayfair continues to use "Darvin" and "Darvin Furniture" to misdirect consumers to Wayfair and the wayfair.com website.

48.    Wayfair is trading on the goodwill in the DARVIN mark for furniture sales and services to lure customers to the wayfair.com website, and to boost Wayfair's sales.

49.    Wayfair is also using searches of "Darvin" and "Darvin Furniture" on the wayfair.com website to mislead consumers into believing that the products listed in the search results are from DARVIN Furniture, and that the use of "Darvin" is approved by, associated with, or connected with Darvin and its reputation.

50.    Wayfair continues to use "Darvin" and "Darvin Furniture" to misdirect consumers to the jossandmain.com website.

51.    Wayfair is trading on the goodwill in the DARVIN mark for furniture sales and services to lure customers to the jossandmain.com website, and to boost Wayfair's sales.

52.    Wayfair is also using searches of "Darvin" and "Darvin Furniture" on the jossandmain.com website to mislead consumers into believing that the products listed in the search results are from DARVIN Furniture, and that the use of "Darvin" is approved by, associated with, or connected with Darvin and its reputation.

53.    Wayfair continues to use "Darvin" and "Darvin Furniture" to misdirect consumers to the perigold.com website.

54.    Wayfair is trading on the goodwill in the DARVIN mark for furniture sales and services to lure customers to the perigold.com website, and to boost Wayfair's sales.

55.    Wayfair is also using searches of "Darvin" and "Darvin Furniture" on the perigold.com website to mislead consumers into believing that the products listed in the search

results are from DARVIN Furniture, and that the use of "Darvin" is approved by, associated with, or connected with Darvin and its reputation.

56.     As a result of Wayfair's use of "Darvin" and "Darvin Furniture", there has been ongoing instances of actual confusion by the relevant public in at least the Chicagoland area as to the source or sponsorship of Wayfair's goods and services.

57.     For example, a customer called the DARVIN Furniture showroom during May 2023 and asked about the Darvin Furniture outdoor collection.  A DARVIN Furniture representative asked the customer which outdoor furniture group they were inquiring about.  The DARVIN Furniture representative accessed the darvin.com website to look for the collection the customer was asking about, but could not find the collection.  The customer then told the DARVIN Furniture representative that her she was looking on the Wayfair website.  The DARVIN Furniture representative told the customer that DARVIN Furniture does not have any product on the wayfair.com website.

58.     Wayfair's use of "Darvin" and "Darvin Furniture" is not authorized by Darvin.

59.     Wayfair's continued use of "Darvin" and "Darvin Furniture" is willful and intentional.

60.     Wayfair's continued use of "Darvin" and "Darvin Furniture" are counterfeit marks as defined by 15 U.S.C. §1116(d)(1)(B).

61.     Wayfair's actions have harmed, are harming, and will continue to harm Darvin.

62.     Wayfair's actions have caused, and unless restrained by this Court, will continue to cause serious and irreparable injury and damage to Darvin, to the goodwill associated with the DARVIN trademark, and otherwise damage and tarnish the reputation of Darvin and the DARVIN trademark.

63. Darvin has no adequate remedy at law.

## COUNT I
## (Federal Trademark Counterfeiting and Infringement – 15 U.S.C. § 1114(1))

64. Darvin repeats and incorporates by reference the allegations of paragraphs 1 through 63 of its Complaint as if set forth fully herein.

65. Darvin owns valid trademark rights in the DARVIN trademark.

66. Darvin owns a valid federal registration for the DARVIN trademark, Registration No. 3,019,314.

67. Registration No. 3,019,314 for the DARVIN trademark is incontestable.

68. Wayfair's use of counterfeit and confusingly similar imitations of the DARVIN trademark in commerce in connection with furniture related goods and services is causing confusion as to the source or sponsorship of Wayfair's goods and services.

69. The designation "Darvin" used by Wayfair is a counterfeit of the registered DARVIN mark.

70. The designation "Darvin Furniture" used by Wayfair is a counterfeit of the registered trademark DARVIN.

71. The designations "Darvin" and "Darvin Furniture" used by Wayfair are confusingly similar to and a colorable imitation of the DARVIN trademark owned by Darvin.

72. Wayfair is using the counterfeit marks "Darvin" and "Darvin Furniture" in commerce in connection with the sale, offering for sale, distribution, and advertising of furniture related goods and services, which use is likely to cause confusion, mistake, or deceive as to the source or sponsorship of Wayfair's furniture related goods and services.

73.     Wayfair is using the designations "Darvin" and "Darvin Furniture" to trade off the goodwill owned by Darvin.

74.     Wayfair's use of the use of the designation "Darvin" and "Darvin Furniture" are confusingly similar to DARVIN.

75.     Wayfair's furniture services are related to and compete with Darvin's furniture services.

76.     Wayfair's goods and services are offered to the same customers of Darvin's goods and services.

77.     Wayfair's use of the DARVIN trademark is likely to cause confusion as to the source or sponsorship of Wayfair's goods and services.

78.     Wayfair's actions have caused actual confusion as to the source or sponsorship of Wayfair's goods and services.

79.     Wayfair's use of the designations "Darvin" and "Darvin Furniture" constitutes trademark counterfeiting and infringement in violation of Section 32(a) of the Trademark Act (15 U.S.C. §1114(1)(a)).

80.     Wayfair's actions have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury and damage to Darvin and to the goodwill associated with the DARVIN trademark.

81.     Wayfair's injury to Darvin has been willful and intentional, in part, because Wayfair has refused to cease using the designations "Darvin" and "Darvin Furniture" even after being informed about Darvin's prior, senior, and incontestable rights in the DARVIN trademark.

82.     Darvin has no adequate remedy at law.

## COUNT II
### (Federal Unfair Competition – 15 U.S.C. §1125(a))

83.     Darvin repeats and incorporates by reference the allegations of paragraphs 1 through 82 of its Complaint as if set forth fully herein.

84.     Wayfair is attempting to profit from the goodwill associated with the DARVIN trademark and "Darvin Furniture" trade name.

85.     Wayfair is attempting falsely to suggest an association with Darvin or to trade on the goodwill of the DARVIN mark and Darvin Furniture trade name.

86.     Wayfair's use of the designations "Darvin" and "Darvin Furniture" is likely to cause confusion as to the source or sponsorship of Wayfair's goods and services.

87.     Wayfair's actions are likely to cause confusion as to the source or sponsorship of Wayfair's goods and services.

88.     Wayfair's actions have caused confusion as to the source or sponsorship of Wayfair's goods and services.

89.     Wayfair's actions constitute false representation and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

90.     Wayfair's actions have caused and will continue to cause irreparable injury to Darvin unless enjoined by this Court.

91.     Darvin has no adequate remedy at law.

## COUNT III
### (Common Law Unfair Competition)

92.     Darvin repeats and incorporates by reference the allegations of paragraphs 1 through 91 of its Complaint as if set forth fully herein.

93.     Wayfair's actions constitute unfair competition under the common law.

94.     Wayfair's actions have caused and will continue to cause irreparable injury to Darvin unless enjoined by this Court.

95.     Darvin has no adequate remedy at law.

**COUNT IV**
**(Illinois Uniform Deceptive Trade Practices Act)**

96.     Darvin repeats and incorporates by reference the allegations of paragraphs 1 through 95 of its Complaint as if set forth fully herein.

97.     Wayfair's use of the designations "Darvin" and "Darvin Furniture" is likely to cause confusion as to the source or sponsorship of Wayfair's goods and services.

98.     Wayfair's actions have caused confusion as to the source or sponsorship of Wayfair's goods and services.

99.     Wayfair's actions are willful and intentional, in that they were done with deliberate disregard or reckless indifference to Darvin's rights.

100.     Wayfair's actions violate the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

101.     Wayfair's actions are likely to and did injure Darvin.  Those actions have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury and damage to Darvin and to the goodwill associated with the DARVIN mark and Darvin Furniture trade name.

102.     Darvin has no adequate remedy at law.

**COUNT V**
**(Illinois Consumer Fraud And Deceptive Business Practices Act)**

103.     Darvin repeats and incorporates by reference the allegations of paragraphs 1 through 102 of its Complaint as if set forth fully herein.

104.     The violation of the Illinois Uniform Deceptive Trade Practices Act described in Count IV also constitutes a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

105.     Wayfair's conduct is intentional, willful and outrageous, in that it was done with deliberate disregard or reckless indifference to Darvin's rights.

106.     Wayfair's actions are likely to and did injure Darvin.  Those actions have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury and damage to Darvin and to the goodwill associated with the DARVIN mark and the Darvin Furniture trade name.

107.     Darvin has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Darvin Furniture And Appliance Of Orland Park, Inc., respectfully request this Court to enter:

1.     Judgment for Plaintiff and against Defendant on Count I for trademark counterfeiting and infringement under 15 U.S.C. §1114(1)(a).

2.     Judgment for Plaintiff and against Defendant on Count II for unfair competition in violation of 15 U.S.C. §1125(a).

3.     Judgment for Plaintiff and against Defendant on Count III for unfair competition under the common law.

4.     Judgment for Plaintiff and against Defendant on Count IV for violation of the Illinois Uniform Deceptive Trade Practices Act.

5.     Judgment for Plaintiff and against Defendant on Count V for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

6.      A preliminary and permanent injunction restraining Defendant, and its heirs, administrators, officers, directors, agents, servants, representatives, employees, parents, subsidiaries, related companies, licensees, successors, assigns, assignees, and all persons acting in active concert or participation with Defendant, or on behalf of Defendant, from doing, causing, aiding or abetting any of the following:

a.      engaging in any acts or activities directly or indirectly calculated to trade upon the reputation or goodwill of Plaintiff, the DARVIN mark, or the Darvin Furniture trade name, or to unfairly compete with Plaintiff in any manner;

b.      directly or indirectly infringe the DARVIN mark;

c.      using in the sale, offering for sale, promotion, advertising, and marketing of goods or services or in any advertising, catalogs, letterhead, business cards, promotional items, promotional material, on any website, social media platform, domain name, URL, or other materials whatsoever in any media, the mark DARVIN or any mark or designation incorporating "Darvin" or similar to "Darvin" in such manner so as to cause confusion, or be likely to cause confusion, mistake or deceive Plaintiff's customers and the public into the belief that the goods or services offered by Defendant are approved by, sponsored by, or otherwise associated or connected with Plaintiff;

d.      using in any manner the designation "Darvin" or "Darvin Furniture" or any other designation or mark that is identical to or confusingly similar to the DARVIN mark, in any font, style, or typeface, as a domain name, hashtag,

directory name, or other such computer address; in buried code, tagging, or in metatags on any web pages for any websites owned, maintained, sponsored or approved by, associated with, or under the control of Defendant;

e.    using in any manner the DARVIN mark in connection with the sale, advertisement or promotion of Defendant's goods or services in such a manner that is likely to create the erroneous belief that said goods or services are authorized by, sponsored by, licensed by, approved by, or in some way associated with Plaintiff;

f.    otherwise engaging in any other acts or conduct that would cause consumers to believe erroneously that Defendant's goods or services are somehow sponsored by, authorized by, licensed by, approved by, or in any other way are associated with Plaintiff.

7.    An order requiring Defendant to immediately delete and remove all references to "Darvin", including use in any buried code or tagging, from any and all web sites or social medial platforms owned, maintained, sponsored or approved by, or otherwise associated with or under the control of Defendant.

8.    An order requiring Defendant to immediately delete, remove, and destroy all references to "Darvin" from any and all, labels, product packaging, catalogs, copy advertising, promotional materials, or other uses that display "Darvin" that are used by, associated with or under the control of Defendant.

9.    An order requiring Defendant to account to and pay over to Plaintiff all profits earned from Defendant's trademark counterfeiting and infringement, and unfairly competitive

activities, and that the profit be trebled, as provided for under 15 U.S.C. §1117, or that Plaintiff be awarded statutory damages in the amount of $2,000,000 per counterfeit trademark used and product or service offered for sale or sold, as provided by 15 U.S.C. §1117(c).

10.    An order trebling the amount of the award to Plaintiff, pursuant to 15 U.S.C. §1117(a).

11.    An order requiring Defendant to account to and pay over to Plaintiff all gains, profits and advantages derived from Defendant's trademark counterfeiting, trademark infringement, unfair competition and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

12.    An order requiring Defendant to account to and pay over to Plaintiff all damages suffered by Plaintiff as a result of Defendant's trademark counterfeiting, trademark infringement, unfair competition and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

13.    An order directing Defendant to pay to Plaintiff punitive damages under the Illinois Consumer Fraud and Deceptive Business Practices Act due to the intentional, willful and outrageous nature of Defendant's actions.

14.    An order requiring Defendant to pay Plaintiff's reasonable attorneys' fees, expenses, and costs incurred in this action.

15.    An order granting such other relief as this Court may deem just.

Respectfully submitted,

DARVIN FURNITURE AND APPLIANCE OF
ORLAND PARK, INC.

Date: June 27, 2023                    By: /s/Arne M. Olson _____
                                           Arne M. Olson
                                           Kathryn E. Garipay
                                           OLSON & CEPURITIS, LTD.
                                           20 North Wacker Drive
                                           36th Floor
                                           Chicago, Illinois  60606
                                           (312) 580-1180

                                           *Of Counsel:*

                                           Kenneth J. Nemec, Jr.
                                           Richard J. Nogal
                                           Goldstine, Skrodzki, Russian, Nemec and
                                           Hoff, Ltd.
                                           The Prairie Building
                                           835 McClintock Drive
                                           Second Floor
                                           Burr Ridge, IL 60527
                                           (630) 655-6000

                                           Attorneys for Plaintiff